IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CR-14-321-D |
| KENROY LLOYD BENFORD, | ) ) ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court are Defendant's Motion in Limine and Brief in Support [Doc. No. 20], the United States' Motion in Limine to Admit Text Messages Obtained from Defendant's Cellular Phone [Doc. No. 25], and the United States' Motion in Limine to Preclude Reference to Adrian Galloway's Out-of-Court Statements [Doc. No. 24]. Responses have been filed [Doc. Nos. 27, 28 and 29] and the matters are fully briefed.[1]

**I.  Background**

Defendant is charged in a single-count Indictment with a violation of 18 U.S.C. § 922(g)(1), alleging that Defendant knowingly possessed a firearm after a prior felony conviction.

On May 21, 2014, members of the Oklahoma City Police Department arrested Defendant. According to the parties, police officers executed a search warrant on that same date at an apartment understood to be occupied by Defendant and Adrian Galloway, the mother of Defendant's children. During the search, officers located a loaded Lorcin model L25 .25 semi-automatic pistol.

---

[1]The government has recently filed a Rule 404(b) Notice [Doc. No. 30] which identifies new evidence of Defendant's alleged prior gun possession. The admissibility of that evidence will be addressed by separate order.

According to the parties, at the time of Defendant's arrest police seized a cellphone from his person. On June 4, 2014, police obtained a search warrant for the cellphone and recovered a series of text messages from the cellphone.

Defendant seeks to prohibit the government from introducing evidence regarding the following matters: 1) text messages retrieved from the cellphone which discuss an offer to possibly trade firearms for a motor; 2) Defendant's past gang affiliations, monikers and tattoos; and 3) Defendant's alleged use or sale of marijuana. The government seeks to admit the same text message evidence as that which Defendant seeks to exclude regarding the offer to trade firearms. The government further seeks to exclude certain prior statements of Adrian Galloway about possession of the firearm at issue, on grounds the statements are inadmissible hearsay.

## II. Discussion

### A. Text Messages

Although Defendant represents that over 3,800 text messages were retrieved from the cellphone, at issue are 12 text messages exchanged on February 11, 2014, approximately three months before Defendant's arrest on the crime charged.[2] The text messages provide:

Outgoing: Is the motor still available?

Incoming: Yes, I still have it.

Outgoing: What are you willing to trade?

Outgoing: Anything particular your looking for?

Incoming: Guns, tools, lathe and/or mill tooling. H-D stuff.

---

[2]Both parties have attached to their respective motions a printout of the text messages at issue. *See* Defendant's Motion, Exhibit 1 [Doc. No. 20-1]; Government's Motion, Exhibit 1 [Doc. No. 25-1].

| | | |
|---|---|---|
| Outgoing: | What kinda guns you looking for? | |
| Incoming: | Concealed carry or a 12 ga. | |
| Incoming: | Xds or M&p shield .40 or 9mm | |
| Outgoing: | I got some nice toys ;) | |
| Incoming: | Sounds like we can work something out. | |
| Outgoing: | I'll get with tomorrow. | |
| Incoming: | Sounds good | |

Defendant seeks to exclude admission of the text messages because they: 1) are too remote in time and, therefore, not relevant; 2) constitute inadmissible hearsay; and 3) lack authentication or identification. The government, conversely, seeks a ruling that the text messages are admissible as: 1) intrinsic evidence of the crime charged; 2) proper evidence of Defendant's knowing possession of a firearm; and 3) a party admission.

### 1. Intrinsic Evidence

"Rule 404(b) [of the Federal Rules of Evidence] limits the admissibility of evidence related to other crimes [or] wrongs, but it only applies to evidence of acts extrinsic to the charged crime." *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (internal quotations and citation omitted). Other act evidence is intrinsic and, therefore not subject to Rule 404(b) when: 1) the evidence of the other act and the evidence of the crime charged are inextricably intertwined; 2) both acts are part of a single criminal episode; or 3) the other acts were necessary preliminaries to the crime charged. *Id*. Intrinsic evidence must be directly connected to the factual circumstances of the crime charged and provide contextual or background information to the jury. The evidence need not, however, establish an element of the crime charged. *Id*.

3

Here, the Court finds the text message evidence is not intrinsic to the crime charged. The trade offer set forth in the text messages is not necessary to contextualize the crime charged. *United States v. Hood*, 774 F.3d 638, 644 (10th Cir. 2014) ("We have repeatedly upheld the government's use of evidence of wrongful, uncharged acts necessary to contextualize the defendant's arrest as intrinsic evidence not subject to Federal Rule of Evidence 404(b)."). Even if, as suggested by the text messages, Defendant had guns to trade, there is no clear reference to the firearm at issue or evidence to demonstrate the trade offer and the firearm possession charge are part of a single scheme or otherwise inextricably intertwined.

The evidence is, however, admissible under Rule 404(b) to show Defendant's knowledge. *See Irving*, 665 F.3d at 1213 n. 27 ("Under Rule 404(b), evidence of other crimes or wrongs is admissible if introduced for a proper purpose, 'such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'") (*quoting* Fed.R.Evid. 404(b)). Four factors govern admissibility under Rule 404(b): 1) the evidence must be offered for a proper purpose; 2) it must be relevant; 3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Fed. R. Evid. 403; and 4) the court must give a proper limiting instruction if it is requested by the defendant. *United States v. Moran*, 503 F.3d 1135, 1143 (10th Cir. 2007) (*citing Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)).

The Tenth Circuit has held that prior possession of firearms is admissible to establish the defendant's knowledge when charged with being a felon in possession of a firearm under § 922(g). *See Moran*, 503 F.3d at 1143-44; *see also United States v. McGlothin*, 705 F.3d 1254, 1265 (10th Cir. 2013) ("*Moran* makes clear that when a defendant places his intent at issue, the defendant's

4

prior acts of weapon possession are relevant for the purpose of demonstrating the charged act of firearm possession was knowingly undertaken.") (footnotes omitted).

The evidence is relevant because it is probative to demonstrate Defendant knowingly possessed a firearm or firearms within a few months of the crime charged here. *Moran*, 503 F.3d at 1144 ("[T]he fact that Mr. Moran *knowingly* possessed a firearm in the past supports the inference that he had the same knowledge in the context of the charged offense."). Although the evidence may produce the "potentially impermissible side-effect of allowing the jury to infer criminal propensity," exclusion is not required as long as the evidence "tends to prove something other than criminal propensity." *Id*. at 1145. Here, the evidence tends to prove knowledge and, therefore is admissible.[3]

The text message evidence to which Defendant objects is still subject to exclusion if "its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." Fed. R. Evid. 403. Unfair prejudice under Rule 403 means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Moran*, 503 F.3d at 1145 (internal quotations and citation omitted). Defendant contends the text messages attached to the parties' motions, are "too remote in time" and, therefore, unduly prejudicial. *See* Defendant's Motion at p.

---

[3] In *Moran*, the Rule 404(b) evidence involved a prior conviction for firearms possession. But the Tenth Circuit has applied the same rationale where the defendant's prior acts involved uncharged conduct. For example, in *McGlothin*, the government admitted testimony from a witness that the defendant had used a gun to beat her in the head. The witness testified that the firearm at issue "did not appear to be different in any way" from the firearm the defendant had used in the assault. *McGlothin*, 705 F.3d at 1259, n. 7. The court held that "no reasonable juror would have perceived the purpose of [the witness's] testimony for anything other than demonstrating [the defendant] possessed [the firearm] during a time temporally proximate to the possession alleged in the indictment." *Id*. at 1265.

5

8.[4] In responding to the government's motion, Defendant further contends the text messages do not support an inference that Defendant possessed firearms, that the text message offer had anything to do with the firearm charged or that the reference to "toys" in the text messages means firearms. *See* Defendant's response at pp. 2-3.

The Court is unconvinced by Defendant's arguments. As set forth, the evidence is relevant to the crime charged. The fact that the text messages were sent approximately three months prior to the crime charged is certainly not remote in time. Additionally, in context, a reasonable inference can be drawn that the reference to "toys" is a reference to firearms and the type of firearms referenced are similar to the firearm at issue. It was an *outgoing* message that focused the potential trade on guns, as opposed to the other items of interest mentioned in the preceding incoming message. Moreover, Defendant has not articulated any possible unduly emotional response from the jury regarding the text messages, and certainly not one that would be separate from the issue of Defendant's guilt or innocence of the crime charged. *See, e.g., United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999) ("Evidence is unfairly prejudicial it is makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocence of the crime charged.") (emphasis added, quotation omitted). As set forth, the evidence is probative of

---

[4]Defendant argues other text messages are unduly prejudicial because they "give the impression that Mr. Benford is a womanizer, a drug user, possibly a drug trader and seller, and generally a bad person." *See* Defendant's Motion at p. 7. But the specific text messages at issue, as attached to the parties respective motions, are void of such references and the government does not intend to offer the text messages containing such information. *See* Government's Response at p. 2, n. 2.

Defendant's knowing possession of a firearm, and its probative value is not substantially outweighed by the danger that it will improperly affect the jury's consideration of the issues.

Finally, the Court can give appropriate limiting instructions if so requested by the Defendant. Accordingly, applying the *Huddleston* factors and pursuant to *Moran*, the text messages are admissible under Rule 404(b).[5]

## 2. Hearsay

Defendant further objects to the text messages on grounds they constitute hearsay. But a statement is not hearsay if it is offered against a party and is the party's own statement. Fed. R. Evid. 801(d)(2)(A). The government, as proponent of the text messages, must show by a preponderance of the evidence that defendant made the statement. *See United States v. Brinson*, 772 F.3d 1314, 1320 (10th Cir. 2014).

In *Brinson*, the Tenth Circuit determined the government had shown by a preponderance of the evidence that the defendant was "Twinchee Vanto" and, therefore, that certain Facebook messages written by Twinchee Vanto were not hearsay but admissible as the defendant's own statements. The court held the defendant's "link" to Twinchee Vanto was established by five facts:

---

[5]In decisions post-*Moran*, the Tenth Circuit has indicated that courts should be "hesitant" to admit evidence of a prior conviction to show knowledge of a § 922(g) offense "because of the great danger of unfair prejudice." *United States v. Trent*, 767 F.3d 1046, 1050 (10th Cir. 2014); *see also McGlothin*, 705 F.3d at 1263-64 (acknowledging that Moran's holding that a defendant's prior acts of possession are relevant to demonstrate the charged act of firearm possession was knowingly undertaken is "consistent with the rule adopted in numerous other circuits" but that "reflexive admission" of such evidence "is not without substantial danger."). Nonetheless, in both *Trent* and *McGlothin*, the court upheld the district court's admission of such evidence as consistent with *Moran*. Here, the Court has carefully considered the admissibility of the text messages at issue under the appropriate *Huddleston* factors and the precedent set forth in *Moran* and concludes the government seeks admission of the evidence for a proper Rule 404(b) purpose that is not unduly prejudicial.

7

> 1. The "Twinchee Vanto" account was registered to an email address: "tarranb@ yahoo. com."
>
> 2. "Twinchee Vanto" identified himself in one message as "Tarran."
>
> 3. A witness testified that "Twinchee Vanto" had identified himself as "Tarran."
>
> 4. A phone number on the bill of sale for Mr. Brinson's SUV matched the number that "Twinchee Vanto" had given as a contact number.
>
> 5. Two witnesses testified that "Twinchee Vanto" was Mr. Brinson's "Facebook name" and that Mr. Brinson was known as "Twin."

*Id*. at 1321. Although the defendant presented evidence that others had access to the Facebook account, the court concluded the evidence was properly admitted as statements of a party opponent under the preponderance of the evidence standard. *Id*.[6]

Here, the government contends the text messages were retrieved from the cellphone found on Defendant's person at the time of his arrest. The government intends to offer evidence that the phone was password protected and that Defendant provided his password to police at the time of his arrest. According to the government, police thereafter obtained a search warrant to search the contents of the phone. Although the text messages at issue contain no identifying information, *i.e.*, no names are referenced in the text messages, the government contends other text messages retrieved from the cellphone include monikers that sufficiently identify Defendant. Moreover, Defendant does not offer evidence that the cellphone did not belong to him or that some other person had access to

---

[6]In *Brinson*, the defendant also challenged the admission of text messages taken from his cellphone. However, the court deemed the issue waived because the defendant had not adequately developed the argument. *Id*. at 1321.

8

his cellphone. Subject to appropriate identifying information presented by the government to sufficiently demonstrate Defendant authored the text messages, those messages are not inadmissible hearsay.[7]

### 3.   **Authentication**

Defendant contends the text messages lack sufficient authentication or identification because "[t]he persons inputting the text messages into the devices are unseen and unknown." *See* Defendant's Motion at p. 9. Defendant further contends "the senders and recipients [are not] identified by appearance, contents, substance, internal patterns or other distinctive characteristics." *Id*.[8] The government contends that if authentication of the text messages is challenged at trial, it will

---

[7]Defendant does not appear to challenge the incoming messages on hearsay grounds. As the government points out, to the extent the incoming messages are not offered to prove the truth of the matter asserted, but are included to provide context for the outgoing messages attributed to Defendant, they are not hearsay. *See*, *e.g., United States v. Gajo*, 290 F.3d 922, 930 (7th Cir. 2002) ("statements are not hearsay to the extent they are offered for context and not for the truth of the matter asserted"); *see also United States v. Ellis*, Case No. 12-CR-20228, 2013 WL 2285457 at * 2 (E. D. Mich. May 23, 2013) (unpublished op.) (incoming text messages "in the form of questions and commands are not statements because they do not contain an assertion and, therefore, are not inadmissible hearsay"); *United States v. Ailsworth*, 948 F. Supp. 1485, 1490 (D. Kan. Nov. 18, 1996) (statements of confidential informant captured on audiotape and videotape offered only for context for statements of defendant and his coconspirators were not hearsay as they were not offered for truth of the matter asserted).

[8]In *Brinson*, the Tenth Circuit did not reach the issue of whether the Facebook messages met the criteria for authentication, finding the issue waived by the defendant's failure to sufficiently develop the argument. *Id*. at 1320 n. 3.

seek to admit additional text messages containing identifying information for this purpose.[9]

Rule 901(a) of the Federal Rules of Evidence provides that to authenticate an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Rule 901(b) includes examples of evidence that satisfies this requirement including "Evidence About a Telephone Conversation." *See* Fed. R. Evid. 901(b)(6).[10] Rule 901(b)(6) only addresses "how the identity of an answering party may be established" and "says nothing about the identify of a calling party." *See* Wright & Gold, Federal Practice and Procedure, Evidence § 7111, p. 117-18 (2000). However, courts have considered the same type of evidence to establish both the identify of an answering party and a calling party. *Id*. Commentators have addressed whether Rule 901(b)(6) applies to text messages:

---

[9]Otherwise, as set forth *infra*, the government has represented that it does not intend to introduce evidence of monikers and other identifying information allegedly attributed to Defendant. Defendant has challenged the admission of any evidence of monikers as unduly prejudicial. Neither party has identified any specific evidence for the Court's review. Nevertheless, any such foundational evidence may be presented to the Court outside of the hearing of the jury under Fed. R. Evid. 104(a), (c).

[10]Rule 901(b)(6) provides:

**Evidence About a Telephone Conversation.**
For a telephone conversation, evidence that a call was made to the number assigned at the time to:
    (A) a particular person, if circumstances, including self-identification, show that the person answering was the one called; or
    (B) a particular business, if the call was made to a business and the call related to business reasonably transacted over the telephone.

Fed. R. Evid. 901(b)(6).

> Modern technology poses some preliminary questions concerning the scope of Rule 901(b)(6). One question is whether the provision applies where the issue is the identity of the sender of a fax, e-mail message, internet communication, beeper message, or other nonvocal transmission of information carried over telephone lines. The literal language of the rule suggests it does not apply since an exchange employing one of these forms of communication is not a "conversation" in the sense normally intended by that word. On the other hand, the criteria enumerated by Rule 901(b)(6) as being pertinent to identity have nothing to do with the sound of a voice, which instead is the subject of Rule 901(b)(5). Accordingly, limited authority suggests that Rule 901(b)(6) does apply to nonvocal communications over telephone lines. However, it might be argued that more should be required to identify the source of these non-vocal messages since the risk of fraud presented by these modern technologies may be significant and, in some instances, not yet fully understood.

*Id.*, § 7111 at p. 111 (citations omitted). The Court is not aware, however, of any decision applying Rule 901(b)(6) to text messages.

Without reference to Rule 901(b)(6), to address the authentication of text messages courts have relied on identifying information contained on the cellphone or within the content of the text messaging to establish that the requirements of Rule 901 are satisfied. *See, e.g., United States v. Mebrtatu*, 543 Fed. Appx. 137, 140-41 (3d Cir. 2013) (finding government presented "substantial evidence from which a jury could infer" the text messages were authentic and attributable to the defendant where the device containing the messages was seized from the defendant's person and "the content of the text messages indicate[d] that [the defendant] was the user of the seized phone and hence the sender and receiver of the messages found on the phone"); *see also Ellis*, 2013 WL 2285457 at *1 (finding it "more likely than not" that the defendant authored outgoing text messages on cellphone retrieved during his arrest where the cellphone was found on the defendant during his arrest, the cellphone contained photographs of the defendant and contact entries for the defendant's brother and girlfriend, the cellphone contained messages addressed to the defendant and the defendant did not present any evidence that the cellphone was borrowed or stolen).

11

As set forth above, the government intends to offer evidence to establish the cellphone belonged to Defendant and that it is more likely than not that Defendant authored the text messages at issue based on identifying information contained in other text messages. Because that evidence is not presently before the Court, the Court reserves ruling on the admissibility of the text messages at this time.

B.   **Other Evidence Raised in Defendant's Motion**

Defendant also seeks to exclude evidence related to Defendant's past gang affiliations, monikers and tattoos, and evidence relating to alleged marijuana use or sale as referenced in discovery materials. Defendant acknowledges that the motion is "precautionary" as to this evidence and that counsel for the government has previously indicated they do not intend to offer the evidence. *See* Defendant's Motion at pp. 1, 9. At the pretrial conference, and in its response to Defendant's motion, the government has confirmed it does not intend to offer this evidence at trial unless it does so in a limited manner, as may be necessary to establish Defendant authored the text messages at issue. The Court, therefore, denies Defendant's motion at this time, without prejudice to Defendant making contemporaneous objections to the admissibility of the evidence at trial should the government's position change and the government were to attempt to admit such evidence.

C.   **Adrian Galloway's Out-of-Court Statements**

The government seeks to exclude statements Ms. Galloway made during a hearing on an application to revoke Defendant's suspended state sentence. According to the government, Ms. Galloway testified she never gave the firearm at issue to Defendant and Defendant was not aware of its existence. The government contends this testimony contradicts statements Ms. Galloway previously gave to police that she had found the firearm in a parking garage, kept it for a few months

for her protection and then decided she did not want it and gave it to Defendant with instructions to get rid of it.

The government contends the testimony at the revocation hearing is hearsay. Testimony of a nonparty witness that was given at a prior hearing is, when offered for its truth, hearsay. *See generally* Fed.R.Evid. 801(c). It is not admissible at a subsequent trial under the exception for "former testimony" unless the declarant is unavailable and the party against whom it is offered at the subsequent trial "had an opportunity and similar motive" at the prior hearing to develop the testimony by direct, cross, or redirect examination. Fed.R.Evid. 804(b)(1).

On the present record, there is no evidence that Ms. Galloway is unavailable to testify. Moreover, in responding to the government's motion, Defendant acknowledges the hearsay nature of the evidence. Defendant notes in this regard that as to certain matters at the revocation hearing, Ms. Galloway invoked the Fifth Amendment privilege against self-incrimination and that if she were to invoke her Fifth Amendment rights when testifying at trial, she may be deemed unavailable. *See, e.g., United States v. Lozado*, – F.3d –, 2015 WL 304680 at *4, n. 1 (10th Cir. Jan. 20, 2015) (for publication) (recognizing that a declarant is unavailable under Fed. R. Evid. 804(a) if the court determines the Fifth Amendment privilege applies). Defendant further states that the testimony from the revocation hearing would be offered at trial only if Ms. Galloway meets the criteria for being unavailable as a witness. Accordingly, the government's motion is granted, subject to issues arising at trial as to Ms. Galloway's unavailability.

IT IS THEREFORE ORDERED that Defendant's Motion in Limine and Brief in Support [Doc. No. 20] is DENIED in part and RESERVED in part. The Court reserves ruling on the

admissibility of the text messages at issue, subject to the government presenting evidence establishing that Defendant authored the text messages.

IT IS FURTHER ORDERED that the United States' Motion in Limine to Admit Text Messages Obtained from Defendant's Cellular Phone [Doc. No. 25] is GRANTED in part and RESERVED in part on the same grounds.

IT IS FURTHER ORDERED that the United States' Motion in Limine to Preclude Reference to Adrian Galloway's Out-of-Court Statements [Doc. No. 24] is conditionally GRANTED, subject to Ms. Galloway's unavailability as a witness at trial.

IT IS SO ORDERED this 12th day of February, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE