IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CR-14-321-D |
| KENROY LLOYD BENFORD, | ) ) ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is the United States' Rule 404(b) Notice Regarding Prior Gun Possession and Brief in Support Thereof [Doc. No. 30]. Defendant has responded [Doc. No. 33]. The parties seek a ruling from the Court as to the admissibility of Defendant's alleged possession of a firearm during an altercation at the Willow Cliff apartment complex on May 2, 2014, approximately 19 days prior to the charged offense.

**I.     Background**

Defendant is charged in a single-count Indictment with a violation of 18 U.S.C. § 922(g)(1) alleging that he knowingly possessed a firearm after a prior felony conviction. Defendant was arrested on these charges on May 21, 2014. On that same date, police executed a search warrant on apartment number 232, located at the Willow Cliff apartment complex in Oklahoma City. Police understood the apartment to be occupied by Defendant and Adrian Galloway.[1] During the search, police found a loaded Lorcin model L25 .25 semi-automatic pistol, the firearm charged in this case. The government claims Defendant was in constructive possession of the firearm. *See, e.g., United States v. Denson*, – F.3d – 2014 WL 7380656 at * 5 (10th Cir. Dec. 30, 2014 (for publication) ("In

---

[1] In prior briefing submitted to the Court, the parties have identified Adrian Galloway as Defendant's girlfriend and the mother of his children.

cases involving two individuals jointly sharing a home, [constructive possession] is satisfied when the defendant has knowledge of and access to the weapons in question.") (internal quotations and citation omitted).

The government seeks to introduce evidence, through the testimony of Misty Dibler, that on May 2, 2014, approximately 19 days before the charged offense, an altercation ensued between Defendant and Misty Dibler and her family. Misty Dibler will testify that during the altercation, Defendant retreated to apartment 232, the same apartment where the Lorcin pistol charged in the Indictment was found, and then returned with a gun and threatened Ms. Dibler and her family.

Ms. Dibler called police and the government may seek to introduce the 911 call she made. Police responded to the call and interviewed Ms. Dibler. During the interview, Ms. Dibler identified the suspect as a black male named "Omar." In the 911 call and during the police interview, Ms. Dibler stated that after the altercation, the suspect left the apartment complex in a car and still had the gun with him. The government contends the car the suspect left in, a Monte Carlo, "ultimately checked back to Adrian Galloway." *See* Government's Notice at p. 2. Ms. Dibler later identified Defendant through a police photo line-up as the person who threatened her with the gun.

Ms. Galloway was also present during the altercation. Defendant contends Ms. Galloway will testify that the weapon used during the altercation was a taser, not a gun. Defendant further contends Ms. Galloway will testify that Omar Mohammad was the person involved in the incident, not Defendant. Defendant challenges Ms. Dibler's identification of him. He contends both he and Mr. Mohammad are similar in appearance and that a photograph of Mr. Mohammad was not, but should have been, included in the photo line-up.

## II.     Discussion

Four factors govern the admissibility of evidence of other crimes or wrongs under Fed. R. Evid. 404(b): 1) the evidence must be offered for a proper purpose; 2) it must be relevant; 3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Fed. R. Evid. 403; and 4) the court must give a proper limiting instruction if it is requested by the defendant. *United States v. Moran*, 503 F.3d 1135, 1143 (10th Cir. 2007) (*citing Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)).

### 1.     Proper Purpose

The Court finds the evidence is offered for a proper purpose. The prior conduct is similar to the charged conduct given the proximity in time (19 days before the charged offense) and place (the Willow Cliff apartment complex and specifically, apartment number 232) and the fact that both acts involve possession of a firearm. *See United States v. Esquivel-Rios*, 725 F.3d 1231, 1240 (10th Cir. 2013) ("[P]rior crimes evidence may be relevant and admissible for purposes of showing knowledge or intent 'as long as the uncharged acts are similar to the charged crime and sufficiently close in time.'") (*quoting United States v. Zamora*, 222 F.3d 756, 762 (10th Cir.2000)); *United States v. Mares*, 441 F.3d 1152, 1157-58 (10th Cir. 2006) (Rule 404(b) evidence is admissible if the previous conduct shares similarity with the charged crime; similarity is assessed on a number of non-exclusive factors including: (1) proximity in time; (2) geographical proximity; (3) whether the charged act and the other act share similar physical elements; and (4) whether the charged act and the other act are part of a common scheme). In addition, the prior act demonstrates Defendant's knowing possession of a firearm. *See Moran*, 503 F.3d at 1143-44 (evidence of prior conviction for being a felon in possession was admitted for proper purpose to show that defendant "knowingly

possessed" the firearm at issue where defendant claimed he did not know rifle, which belonged to his girlfriend, was in his girlfriend's car which defendant was driving at the time the vehicle was stopped and searched); *see also United States v. McGlothin*, 705 F.3d 1254, 1265 (10th Cir. 2013) ("*Moran* makes clear that when a defendant places his intent at issue, the defendant's prior acts of weapon possession are relevant for the purpose of demonstrating the charged act of firearm possession was knowingly undertaken.") (footnotes omitted).

### 2. Relevance

The evidence must also be relevant. In the Rule 404(b) context, "similar act evidence is relevant only if the jury can reasonably conclude [1] that the act occurred and [2] that the defendant was the actor." *Huddleston*, 485 U.S. at 689. *See also United States v. Tan*, 254 F.3d 1204, 1208 n. 2 (10th Cir. 2001). Rules 401–403 and the conditional relevancy rule in Rule 104(b) govern the applicable burden the proponent must meet to successfully offer evidence under rule 404(b). *See Huddleston*, 485 U.S. at 686–691.

Rule 104(b) provides: "[w]hen the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist." Fed. R. Evid. 104(b). To determine whether the government has introduced evidence sufficient to satisfy Rule 104(b), the district court does not weigh credibility or make a finding that the government has proved the conditional fact by a preponderance of the evidence. *Id.* (citation omitted). *See also United States v. Herndon*, 982 F.2d 1411, 1415 (10th Cir. 1992) ("While *Huddleston* most directly concerned whether the similar acts occurred, the Court also rejected requiring that a preliminary finding be made as to whether the defendant committed the similar act.") (*citing Huddleston*, 485 U.S. at 689 n. 6). Instead, "[t]he court simply examines all the evidence in the case and decides

4

whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." *Huddleston,* 485 U.S. at 690 (citation omitted). *See also United States v. Johnson*, 458 Fed. Appx. 727, 729 (10th Cir. 2012) (district court must determine "whether the jury could reasonably find by a preponderance of the evidence that the prior acts at issue actually occurred").

Here, central to the issue of relevance is whether the government can show that Defendant was the person who pointed the firearm during the May 2, 2014 altercation. In this regard, Defendant should be given the opportunity to voir dire Ms. Dibler, outside the presence of the jury, regarding the altercation, her 911 call to police, statements made to police during their investigation, and Ms. Dibler's identification of Defendant. At this time, therefore, the Court reserves ruling on the admissibility of the May 2, 2014 incident.

### 3. Unfair Prejudice

If the government submits sufficient evidence to identify Defendant as the person involved in the May 2, 2014 incident, the Court finds that the evidence is probative and that its probative value is not outweighed by the danger of unfair prejudice. The fact that Defendant had a firearm in his possession just 19 days prior to the charged offense is relevant to show "knowing possession of a firearm" particularly where Ms. Dibler will testify that the firearm was retrieved from the same apartment where police discovered the firearm charged in the Indictment.

"In performing the 403 balancing, the court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir.2000) (internal quotation and citation omitted). The "[e]xclusion of otherwise admissible evidence under Rule 403 'is an extraordinary remedy and

5

should be used sparingly.'" *United States v. Smalls*, 752 F.3d 1227, 1238 n. 4 (10th Cir. 2014) (*quoting United States v. Tan*, 254 F.3d at 1211).

Defendant does not identify any particular prejudice in moving for exclusion of the evidence, other than issues involving identification. He does not claim admission of the evidence will cause the jury to decide the case on an improper emotional basis. *See United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999) (evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response from the jury). The government acknowledges some risk of prejudice due to the nature of the act – pointing a gun at a family. *But see United States v. Robertson*, 297 Fed. Appx. 722, 728 (10th Cir. 2008) (where defendant was charged with drug trafficking and firearm possession, evidence of defendant's prior conviction for pointing a firearm at another person and possessing a firearm was not unduly prejudicial and was not likely to provoke an emotional response from the jury). The government contends the prejudicial effect could be minimized through its use of leading questions to limit the scope of the inquiry to "focus solely on the fact that Ms. Dibler saw Mr. Benford waiving a firearm at the Willow Cliff apartment complex on May 2, 2014." *See* Government's Notice at p. 9 and n. 4. Because Defendant has not raised the issue, the Court need not address any limitations on the scope of the evidence to be presented at this time.

### 4. Limiting Instruction

Finally, the Court finds the fact that a limiting instruction could be given, if requested by Defendant, weighs in favor of admissibility.

**III.    Conclusion**

The Court concludes that, subject to the government's ability to satisfy the Fed. R. Evid. 104 requirements, the May 2, 2014 incident is admissible under Rule 404(b) and that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. As noted, the Court further finds, however, that the incident is relevant only to the extent the government can present evidence sufficient to allow the jury to find by a preponderance of the evidence that the May 2, 2014 incident occurred as set forth herein, that Defendant retrieved the gun from the subject apartment, and that Defendant was the person in possession of the gun and threatening Ms. Dibler and her family. The Court reserves its ruling on the issue of relevance, subject to the consideration of preliminary questions, and Defendant's opportunity to voir dire Ms. Dibler, outside the presence of the jury pursuant to Fed. R. Evid. 104.

IT IS THEREFORE ORDERED that the Government's Rule 404(b) Notice [Doc. No. 33 ] and accompanying request for a ruling on the admissibility of evidence regarding the incident on May 2, 2014, is GRANTED in part and RESERVED in part.

IT IS SO ORDERED this  17th  day of February, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE